IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**SANTOS CASTILLO-GARCIA, et al.**

**Plaintiffs,**

 **v.**

**UNITED STATES OF AMERICA,**   **CIVIL NO. 10-1913 (GAG)**

**Defendant.**

**OPINION AND ORDER**

Santos Castillo-Garcia ("Plaintiff") brought suit against the United States of America ("Defendant") pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 1346(b)(1) and prays this court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331. Plaintiff seeks to obtain compensatory and declaratory relief for Defendant's alleged negligent or wrongful acts or omissions. Plaintiff alleges that officers or employees of Defendant, acting within the scope of their office or employment, committed false arrest, false imprisonment, abuse of process, and malicious prosecution leading to the extradition of Plaintiff from the Dominican Republic to the Commonwealth of Puerto Rico for criminal prosecution.

Presently before this court is Defendant's motion to dismiss for failure to state a claim and lack of subject matter jurisdiction (Docket No. 25). Plaintiff opposed this motion (Docket No. 33). After considering the parties' submissions and the pertinent law, the court **GRANTS** Defendant's motion to dismiss.

**I.   Standard of Review**

Under Rule 12(b)(1) a party may move the court to dismiss a complaint for lack of subject matter jurisdiction at any time. In ruling on a Rule 12(b)(1) motion, the court must construe the complaint liberally and indulge in all reasonable inferences in favor of the plaintiff. See Aversa v.

**Civil No. 10-1913 (GAG)**

United States, 99 F.3d 1200, 1210 (1st Cir. 1996).  A defendant may challenge the court's subject-matter jurisdiction in either of two ways: a facial attack on the sufficiency of the plaintiff's jurisdictionally-relevant pleadings in the complaint, or a factual challenge.  See Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007).  A factual challenge involves a two-step inquiry.  Id.  "First, the court must determine whether the relevant facts, which would determine the court's jurisdiction, also implicate elements of the plaintiff's cause of action."  Id. at 163.  If the jurisdictional issue is intertwined with the merits of the plaintiff's case, the court must adopt the summary-judgment standard, such that the court would only dismiss if the material jurisdictional facts are beyond dispute and the defendant is entitled to dismissal as a matter of law.  Id.  Second, if the jurisdictional issue is not so intertwined, the court may simply weigh the evidence at hand to determine its competence to hear the case.  Id.

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted.  See FED.R.CIV.P. 12(b)(6).  When considering a motion to dismiss, the court must decide whether the complaint alleges sufficient facts to "raise a right to relief above the speculative level."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor.  Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –but it has not 'show[n]'– 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (quoting FED.R.CIV.P. 8(a)(2)).

In sum, when passing on a motion to dismiss the court must follow two principles: (1) legal conclusions masquerading as factual allegations are not entitled to the presumption of truth; and (2) plausibility analysis is a context-specific task that requires courts to use their judicial experience and

**Civil No. 10-1913 (GAG)**

common sense. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555-56). In applying these principles, courts may first separate out merely conclusory pleadings, and then focus upon the remaining well-pleaded factual allegations to determine if they plausibly give rise to an entitlement to relief. Iqbal, 556 U.S. at 679.

## II.     Factual Background

On about September 5, 2007, Plaintiff was arrested in the Dominican Republic by law enforcement officers of the Dominican government and/or agents of the United States Federal Bureau of Investigation ("FBI"). (See Docket No. 2 ¶ 3.1.). The arrest was pursuant to an arrest warrant and/or extradition request issued by Defendant in connection with charges made against Plaintiff in Federal District Court for the District of Puerto Rico ("District Court"). (See id. ¶ 3.1.) One week after Plaintiff's arrest, he was transferred from the Dominican Republic to the District of Puerto Rico, where he was held in the Federal Metropolitan Detention Center in Guaynabo, Puerto Rico ("MDC"). Plaintiff was incarcerated at MDC for three months while being prosecuted in District Court. (See id. at ¶ 3.3.)

On, or around December, 5, 2007, the United States Attorney's Office for the District of Puerto Rico ("USAO") filed a motion in District Court requesting the voluntary dismissal of all charges against Plaintiff. (See id. at ¶ 3.5.) By judgment dated December 14, 2007, the District Court dismissed, without prejudice, all charges against Plaintiff. (See Docket No. 1 ¶ 3.6.)

On or about December 28, 2007, Plaintiff voluntarily departed the District of Puerto Rico with full consent of Defendant and all other appropriate agencies. (See Docket No. 2 ¶ 3.7.) Plaintiff alleges his innocence and seeks damages in the sum of seven million dollars, under the provisions of the FTCA. (See id. at ¶¶ 3.9 & 3.15.)

By letter dated January 19, 2010, signed by Miguel Fernarndez, Esq., Assistant U.S. Attorney, Chief of Civil Division of USAO for the District of Puerto Rico, Plaintiff was informed that his FTCA claim had been forwarded to Mr. Michael Faeries, FBI Attorney in charge of the District of Puerto Rico. The FBI was allegedly deemed to be "the appropriate agency to process this

**Civil No. 10-1913 (GAG)**

claim." (See Docket No. 2 ¶ 3.16.) By letter dated March 26, 2010, signed by Henry R. Felix, Esq., Associate General Counsel, United States Department of Justices, FBI, Washington DC, Plaintiff was notified that his FTCA claim had been denied, given that "[u]pon careful review, we find that there is no evidence of negligence or a wrongful act or omission on the part of any employee of the FBI." (See Docket No. 2 ¶ 3.17.)

Plaintiff filed this complaint on November 22, 2010. (See Docket No. 2.) Defendant filed the instant motion to dismiss on February 7, 2012. (See Docket No. 25.)

**III.   Discussion**

The FTCA provides for the recovery of money damages against the United States for cognizable state or common law torts committed by federal officials while acting within the scope of their employment. 28 U.S.C. §§ 1346(b), 2671, *et seq*. Plaintiff alleges that Defendant is liable under the FTCA for false arrest, false imprisonment, abuse of process and malicious prosecution. The issues of liability and damages for false arrest, false imprisonment, abuse of process and malicious prosecution are governed by the substantive law of the state where the actions occurred, in this case, Puerto Rico. See 28 U.S.C. §§ 1346(b), 2674.

**A.   False Arrest and False Imprisonment**

> Under Puerto Rico law, the causes of action for false arrest and false imprisonment share identical elements. Casanova v. González Padin, 47 P.R.R. 462, 470 (1934). The Puerto Rico Supreme Court has stated that a cause of action under these legal theories accrues every time that a "person, whether or not a law enforcement officer, may by himself or through another one unlawfully detain or cause the unlawful detention of another person." Ayala v. San Juan Racing Corp., 112 D.P.R. 804, 813 (1982). The Supreme Court has noted, however, that in actions for false arrest and imprisonment brought against law enforcement officers the determination of what constitutes an unlawful detention shall be made according to the requirements established in Rule 11 of the Puerto Rico Rules of Criminal Procedure. (34 L.P.R.A., App. II)

Santana v. U.S., 919 F. Supp. 558, 563 (D.P.R. 1996).

On or about September 5, 2007, Plaintiff was arrested in the Dominican Republic by law enforcement officers of said country and/or agents of the FBI, pursuant to an arrest warrant and/or extradition request issued by Defendant in connection with charges made against Plaintiff. (See Docket No. 2 ¶ 3.1.) The indictment, based on probable cause, was issued by a grand jury. "An

4

**Civil No. 10-1913 (GAG)**

indictment fair upon its face, and returned by a properly constituted grand jury, conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry." See Gerstein v. Pugh, 420 U.S. 103, 117 n.19 (1975). The complaint fails to allege that Defendant issued an arrest warrant based on wrongful or misleading information or testimony. Therefore, the false arrest/false imprisonment claim, pursuant to the FTCA, is **DISMISSED**.

### B.    Abuse of Process

Defendant next moves to dismiss Plaintiff's abuse of power claim. In order for the claim to withstand Defendant's 12(b)(6) motion, Plaintiff must allege the two elements necessary to make a claim for abuse of process under Puerto Rico law: 1) that defendant had a bad motive; 2) and that it used the legal process for an improper, collateral objective. González-Rucci v. United States, 405 F.3d 45, 49 (1st Cir. 2005). In contrast to malicious prosecution claims, which "are generally directed to a legal action as a whole," abuse of process claims "typically cover challenges to the legal action's procedural components," such as subpoenas or discovery mechanisms. Id. (citing Nogueras-Cartagena v. U.S., 172 F. Supp. 2d 296, 316).

Plaintiff must show that "any procedural component of [his] criminal prosecution was influenced by a bad motive, or conducted with the purpose of attaining an improper collateral objective." Gonzalez-Rucci v. United States, 460 F. Supp. 2d 307, 314 (D.P.R. 2006). The complaint fails to allege Defendant obtained the indictment by presenting testimony it knew to be false to the grand jury. The court finds that the complaint fails to allege Defendant acted in bad faith when deciding to proceed with the indictment. Thus, the abuse of process claim pursuant to the FTCA is **DISMISSED**.

### C.    Malicious Prosecution

Finally, Defendant moves to dismiss Plaintiff's claims of malicious prosecution because: (1) Plaintiff is unable to demonstrate the prosecution was pursued with malice; and (2) Defendants had probable cause. (See Docket No. 25 at 7.)

In order for Plaintiff to make out his malicious prosecution case, he must demonstrate, "1) that a criminal action was initiated or instigated by the defendants; 2) that the criminal action

**Civil No. 10-1913 (GAG)**

terminated in favor of plaintiff; 3) that defendants acted with malice and without probable cause; and 4) that plaintiff suffered damages." Barros-Villahermosa v. U.S., 642 F.3d 56, 58 (1st Cir. 2011). Defendants only attack the third element where, accordingly, the court focuses its attention.

Defendant correctly cites to cases that hold a grand jury indictment is conclusive in demonstrating probable cause. See Gonzalez-Rucci, 405 F.3d 45, 49 (1st Cir. 2005). "Generally, a grand jury indictment definitively establishes probable cause. See Abreu-Guzman v. Ford, 69 F. Supp. 2d 274, 285 (D.P.R. 1999). "However, courts have recognized an exception if law enforcement defendant wrongfully obtained the indictment by knowingly presenting false testimony to the grand jury. See Rothstein v. Carriere, 373 F.3d 275, 282-83 (2d Cir. 2004). The complaint fails to allege that Defendant knowingly presented false testimony to the grand jury. Therefore, Plaintiff's malicious prosecution claim un the FTCA is **DISMISSED**.

## IV. Conclusion

For the reasons set forth above, the court **GRANTS** Defendants' motion to dismiss as to Plaintiff's false arrest, false imprisonment, abuse of process and malicious prosecution pursuant to the FTCA.

**SO ORDERED.**

In San Juan, Puerto Rico this 13th day of April, 2012.

*S/Gustavo A.Gelpí*
GUSTAVO A. GELPI
United States District Judge

6